UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY GETTINGS,

        Plaintiffs,

   v.

JOHN PERRISH, HAT CREEK WATER COMPANY INC., MARK D. MAMMARELLA,

        Defendants.

No. 2:18-cv-174-KJM-EFB PS

ORDER

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against defendants John Parrish, Hat Creek Water Company, Inc. ("Hat Creek"), Mark Mammarella, and three unidentified "Doe" defendants, alleging violations of plaintiff civil rights as well as numerous state law claims.[2] ECF No. 1 at 2, 9. Liberally construed, the complaint alleges that Parrish, an employee of Hat Creek, has engaged in numerous acts for the sole purpose of harassing plaintiff. Plaintiff claims that in 2017, Parish, with the assistance of three unidentified individuals, allegedly interfered with plaintiff's deeded water rights by turning off the water on multiple occasions, tampering with irrigation gates and

---

[2] The complaint's caption states that the defendants include "Does 1-25," but the body of the complaint only contains allegations against three "Doe" defendants. ECF No. 1 at 1, 7, 9-10.

ditches, removing wood blocks and gates, and stealing concrete blocks from an irrigation ditch. *Id*. at 6-7, 8-9. Parish also allegedly entered plaintiff's property without permission on multiple occasion during the same year. Plaintiff further claims that has attempted to submit payments to Hat Creek for his water bills, but the company has refused to accept them. *Id*. at 6-7.

In addition to plaintiff's feud over water, the complaint contains allegations concerning an unrelated dispute between plaintiff and his neighbor, defendant Mark Mammarella. *Id*. at 7-8. Plaintiff claims that Mammarella posted a sign near plaintiff's property stating that plaintiff is a fraud. *Id*. Mammarella also made similar statements to other individuals and falsely accused plaintiff of stealing his property. *Id*. Plaintiff further alleges that in mid-2017, Mammarella attempted to hit plaintiff and his wife with a vehicle. *Id*. at 7-8. Lastly, he claims that Mammarella has refused to make, or help pay for, necessary repairs to the fence that runs between their properties.

Plaintiff's complaint is deficient for several reasons. As a threshold matter, plaintiff has improperly joined unrelated claims. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). The complaint purports to assert 23 counts. Counts 1-9 and 15-23 are brought against defendants Perish, Hat Creek, and three unidentified "Doe" defendants for interfering the water rights belonging to plaintiff's property. However, the remaining counts are brought against Mammarella for making defamatory statements (counts 11-12), attempting to hit plaintiff and his wife with a vehicle (count 13), and refusing to pay half the cost of repairing a fence (count 14). None of the claims against Mammarella have any relation to plaintiff's water dispute with the remaining defendants. In fact, not all claims against Mammarella appear to arise out of the same transaction or occurrence.

Plaintiff also attempts to allege claims against three "Doe" defendants. Plaintiff's failure to identify these defendants by name is problematic and requires dismissal of these defendants.
/////

3

Unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants.

Additionally, the complaint fails to comply with Rules 8(a) and 10(b). *See* Fed. R. Civ. P. 8(a) (requiring the complaint to set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them); Fed. R. Civ. P. 10(b) (providing that if plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate counts). The complaint recites factual allegations concerning the unrelated incidents and then lists 23 counts. However, many of the counts appear to assert multiple claims with only minimal factual support. For instance, in count nineteen, plaintiff alleges that defendant "Parrish became a nuisance after the actions beginning in May to September 2017 and the years prior to 2017." ECF No. 1 at 10. He then states that "Parrish's Behavior did create a nuisance toward plaintiff which caused injury, harm, and intentional infliction of emotional distress." *Id*. These allegations fail to provide defendants with the notice of the specific claim plaintiff is intending to allege in this count or the specific facts he believes support this claim. As another example, in count twenty-one plaintiff alleges that Parrish violated plaintiff's "constitutional right to life, liberty and property, by his continued harassment toward [sic] plaintiff's" property and by prohibiting water from "flow[ing] onto Plaintiff's land. This action by defendant Parrish was intentional and caused harm, injury, and was intentional infliction of emotional distress towards plaintiff . . . ." Again, the specific claim plaintiff is attempting to allege cannot be discerned from these allegations.

Accordingly, plaintiff's complaint must be dismissed with leave to amend. Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as

practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5